**HONORABLE ROBERT H. WHALEY**

James E. Howard
DORSEY & WHITNEY LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Tel: 206.903.8800
Fax: 206.903.8820

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

| | |
|---|---|
| ANNETTE P. TISSUE, a single woman,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIFINANCIAL, INC., a Texas Corporation doing business in Spokane, Washington, and their AGENTS QUICKEN LOANS, INC., a Michigan corporation doing business in Spokane, Washington, and their AGENTS, and COUNTRYWIDE HOME LOANS, INC., a Texas Corporation doing business in Spokane, Washington and their AGENTS.<br><br>    Defendant. | CASE NO. CV-09-053 RHW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS**<br><br>NOTE FOR HEARING:<br>June 4, 2009<br>Without Oral Argument |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 1

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I. INTRODUCTION

As of June 2007, plaintiff Annette P. Tissue had a $110,828.37 mortgage loan from defendant CitiFinancial, Inc. ("CitiFinancial"), at a 9.25% interest rate, and with a monthly payment of $911. On June 13, 2007, she refinanced with defendant Quicken Loans, Inc. ("Quicken Loans") in order to obtain more favorable terms. The Quicken Loans refinancing lowered both the interest rate on the loan and the amount of Tissue's monthly payment. As is common in the industry, Quicken Loans subsequently sold the loan, in this case to defendant Countrywide Home Loans, Inc. ("Countrywide"). Accordingly, Quicken Loans does not hold or service the loan.

Tissue has now brought suit against CitiFinancial, which she alleges made her a loan she could not afford, and Countrywide, which apparently has commenced foreclosure proceedings following her default on the loan. She also has sued Quicken Loans. However, Quicken Loans neither made the original loan to Tissue nor commenced foreclosure proceedings against the property. Moreover, Tissue suffered no damages as a result of her transaction with Quicken Loans. To the contrary, Quicken Loans's actions simultaneously *lowered* Tissue's interest rate and the monthly payment. In other words, Tissue had better loan terms after her refinancing with Quicken Loans than she had before it.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 2

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Nevertheless, Tissue has included Quicken Loans as a defendant in her lawsuit against CitiFinancial and Countrywide. Tissue's claims against Quicken Loans may charitably be described as vague, and generally fail to meet even the liberal pleading requirements of Fed. R. Civ. P. 8(a) ("Rule 8"). At best, it appears that Tissue may have attempted to lump Quicken Loans in as a defendant in three of her claims: (1) violation of the Mortgage Broker Practices Act, Ch. 19.146 RCW (the "MBPA"); (2) violation of the Consumer Protection Act, Ch. 19.86 RCW (the "CPA"); and (3) "unconscionability." For the reasons discussed below, to the extent that Tissue has alleged such claims against Quicken Loans, each of these claims should now be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.   FACTS

While Quicken Loans disputes the allegations contained in Tissue's complaint, for purposes of this motion only, Quicken Loans assumes that the facts alleged in the complaint are true.

### A.   Tissue and CitiFinancial Entered Into a Mortgage Loan Agreement.

On October 12, 2004, Tissue and CitiFinancial entered into a mortgage loan agreement. *See* Compl. at ¶2.17. Tissue borrowed $20,469.51, at an interest rate of 7%, and with a monthly payment of $180. *See id*. Over the next three years,

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 3

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Tissue refinanced her mortgage with CitiFinancial five more times, each time taking more equity out of her house. *See id.* at ¶¶ 2.18-2.22. By March 27, 2007, Tissue had borrowed $110,828.37 from CitiFinancial, at an interest rate of 9.25%, and with a monthly payment of $911. *See id.* at ¶ 2.22. The complaint does not allege what Tissue did with these funds.

### B. Tissue Lowers Her Monthly Payment By Refinancing With Quicken Loans.

On June 13, 2007, Tissue refinanced her mortgage with Quicken Loans. *See id.* at ¶ 2.23. This refinancing lowered the interest rate on the loan to 6.25%, and accordingly lowered Tissue's monthly payment to $642.19 for the first 10 years of the note term.[1] *See* Decl. of Records Custodian ("R. Cust. Decl.") ¶ 5 Ex. A. (The monthly payment increases to $901.24 after 10 years.) Including insurance premiums brings Tissue's total monthly payment to $721.08. *Id.* Therefore, the

---

[1] In the complaint, Tissue claims Quicken Loans refinancing lowered her interest rate to 6.9% and her monthly payment to $900. *See* Compl. ¶ 2.23. This is incorrect. *See* R. Cust. Decl. ¶ 5, Ex. A (attaching Tissue's Note). The actual terms from Tissue's note with Quicken Loans may be relied on for purposes of this motion, as documents not attached to a complaint may be considered on a motion to dismiss "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's complaint." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, even using the higher figures stated in the complaint, the alleged terms still improved the terms that Tissue had prior to refinancing.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS - 4**

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Quicken Loans refinancing reduced Tissue's monthly payment by more than 20%. This was Quicken Loans's sole involvement with Ms. Tissue.

### C. Tissue Defaults on the Loan and Countrywide Commences Foreclosure Proceedings.

Quicken Loans subsequently sold the loan to Countrywide. Accordingly, Quicken Loans does not hold of service Tissue's loan. *See* Compl. ¶ 2.25. Tissue has now defaulted on the loan held by Countrywide, and Countrywide apparently commenced foreclosure proceedings against the property. *See id.* at ¶ 10.10.

### D. Tissue Sues CitiFinancial, Countrywide, and Quicken Loans.

Tissue has now brought suit against CitiFinancial, Countrywide, and Quicken Loans. She asserts a range of claims against CitiFinancial, including claims under various federal and state statutes, as well as for common-law fraud. She apparently seeks to halt the foreclosure proceedings commenced by Countrywide, to "rescind" her mortgage, and to "void" Countrywide's security interest. In other words, she appears to be asking this Court to effectively cancel her approximately $123,000 debt to Countrywide. *See id.* at ¶¶ 10.8-10.11.

For purposes of this motion, however, the only relevant claims are those that Tissue has pled against *Quicken Loans*. There are virtually no specific allegations against Quicken Loans in the complaint. Instead, Quicken Loans seems to have been included as an afterthought, generally without even explicitly being named as

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 5

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

a defendant to the claim. Under an extremely liberal reading of Tissue's complaint, the claims that even mention Quicken Loans by name somewhere in the text are: (1) violation of the MBPA; (2) violation of the CPA; and (3) "unconscionability." *See id.* at ¶¶ 3.1-3.9, 6.1-6.8, and 7.1-7.6. Each of these claims would be based solely on the June 2007 refinancing of Tissue's mortgage by Quicken Loans, which resulted in a lower interest rate and a lower monthly payment.

### III.  ARGUMENT

**A.  Legal Standard.**

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "In short, the complaint must provide 'plausible' grounds for recovery on its face" in order to survive a Rule 12(b)(6) motion to dismiss. *Sotin v. Snyder*, No. CV-07-325-RHW, 2008 WL 2074033, at *2 (E.D. Wash. May 14, 2008) (dismissing complaint for failure to state a claim).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 6

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

### B. Tissue's Mortgage Brokers Practices Act Claim Should Be Dismissed.

Quicken Loans is named as at defendant to Tissues' MBPA claim, albeit in an extremely vague group pleading fashion, and without including Quicken Loans in its prayer for relief related to this claim. *See* Compl. ¶¶ 3.2, 11.1. While defendant's group pleading does not even provide a "short plain statement of the claim" as required by Rule 8, the claim is easily dealt with as a substantive matter for two reasons. First, the MBPA only applies to mortgage brokers and loan originators, and Quicken Loans is neither. Second, Quicken Loans is licensed in Washington under the Consumer Loan Act (the "CLA"), and loans made by CLA-licensed lenders are exempt from the MBPA.

#### 1. Tissue's MBPA Claim Should Be Dismissed Because Quicken Loans Is Neither a Mortgage Broker Nor a Loan Originator.

The MBPA was adopted specifically to govern, as its name suggests, the practices of "mortgage brokers" and "loan originators." *See* RCW 19.146.005 (legislative intent). The MBPA was not intended to be applied to lenders. *See* RCW 19.146.020 (exempting commercial banks, bank holding companies, savings banks, trust companies, savings and loan associations, credit unions, insurance companies, and real estate investment trusts from coverage under the act).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 7

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

A "mortgage broker" is defined, for purposes of the MBPA, as "any person who for compensation or gain, or in the expectation of compensation or gain (a) *assists* a person in obtaining or applying to obtain a residential mortgage loan or (b) holds himself or herself out as being able to *assist* a person in obtaining or applying to obtain a residential mortgage loan." RCW 19.146.010(12) (emphasis added). A "loan originator" is defined as "a natural person who (a) takes a residential mortgage loan application for a mortgage broker, or (b) offers or negotiates terms of a mortgage loan, for direct or indirect compensation or gain, or in the expectation of direct or indirect compensation or gain" or "a person who holds themselves out to the public as being able to perform any of these activities." RCW 19.146.010(10). In other words, a loan originator or mortgage broker serves as a middleman between the public and lenders.

By its terms, the MBPA does not apply to "lenders," only "mortgage brokers" and "loan originators." Moreover, this is a well-established distinction both in the common use of these terms and for purposes of various regulatory schemes. *See, e.g.*, *Casimir v. Sunrise Mortgage, Inc.*, No. 06 C 1211, 2007 WL 2608783 (N.D. Ill. Aug. 31, 2007) (dismissing claim against mortgage broker, because it is not a "lender," the type of entity governed by the statute at issue).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 8

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Quicken Loans is exclusively a lender, and does not act as a mortgage broker or as a loan originator. *See* Decl. of Amy Bishop ("Bishop Decl."), filed concurrently, at ¶ 7. Accordingly, the loan that Quicken Loans provided to Tissue is not covered by the MBPA.

### 2. Tissue's MBPA Claim Should Be Dismissed Because Quicken Loans Is a CLA-Licensed Lender.

The MBPA also specifically exempts from its coverage "[a]ny person doing business under the consumer loan act" for "business conducted under the authority and coverage of the consumer loan act." RCW 19.146.020. The CLA, in turn, provides that once a lender becomes a licensee under the CLA, "*[a]ll* loans" it makes "are subject to the authority and restrictions of the act[.]" WAC 208-620-240 (emphasis added). Accordingly, the MBPA does not apply to loans made by CLA-licensed lenders. Quicken Loans is a Washington state CLA licensed lender. *See* Bishop Decl., ¶¶ 3-4 (attaching licensing). As such, it "is legally exempt from licensure requirements under the Washington Mortgage Brokers Practices Act." *Id.* at ¶ 5. This exempt status has been explicitly confirmed by the Washington Department of Financial Institutions. *Id.* at ¶ 6 and Ex. B (attaching letter ruling). This provides an alternate and independent basis of dismissal. Because Quicken Loans's loan to Tissue is not governed by the MBPA, Tissue's MBPA claim should be dismissed for failure to state a claim upon which relief can be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS - 9**

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

### C. To the Extent that it Includes Quicken Loans as a Defendant, Tissue's Consumer Protection Act Claim Should Be Dismissed.

Tissue does not even specifically list Quicken Loans as a defendant to her CPA claim, and instead only vaguely mentions Quicken Loans in group pleading fashion in the text of the claim. *See* Compl. ¶¶ 7.1-7.6. To the extent that this is construed as an effort to name Quicken Loans as a defendant, this again provides a basis for dismissal pursuant to Rule 8. Again, however, this claim is also easily disposed of as a substantive matter for: (1) failure to allege an unfair or deceptive act or practice by Quicken Loans; and (2) failure to adequately allege that conduct by Quicken Loans caused her alleged injuries.

In order to state a claim for relief under the CPA, Tissue must allege acts by Quicken Loans that: (1) were unfair or deceptive; (2) occurred in the course of trade or commerce; (3) affected the public interest; and (4) caused (5) injury to Tissue in her business or property. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 785-93, 719 P.2d 531 (1986). Tissue's complaint must set forth specific facts sufficient to satisfy each element of the claim. *See Segal Co. v. Amazon.com, Inc.*, 280 F.Supp. 2d 1229, 1232-34 (W.D. Wash. 2003) (dismissing CPA claim under Rule 12(b)(6)). At a minimum, Tissue has failed to adequately plead two of the elements: an unfair or deceptive practice and causation.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 10

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    First, Tissue has not alleged any "unfair or deceptive" practice by Quicken Loans. Tissue's contention is that (1) she could not afford her CitiFinancial mortgage; and (2) even after Quicken Loans refinanced that mortgage to give Tissue a lower interest rate and lower monthly payment, she still could not afford her loan. Apparently, Tissue contends that Quicken Loans should have refused to refinance the loan, and left Tissue with the less-favorable terms of her CitiFinancial mortgage. In the process, the complaint fails to make any effort to adequately allege that there was anything "unfair" or "deceptive" about Quicken Loans improving Tissue's loan terms.

Second, Tissue has not alleged any causal link between her alleged damages and Quicken Loans refinancing of her loan. Tissue contends that she cannot afford to make the monthly payments. However, as a result of Quicken Loans actions the monthly payments are now lower. Therefore, the monthly payments are indisputably *more* affordable as a result of Quicken Loans actions. Even if Tissue can establish that she has been injured by the CitiFinancial loan, she cannot establish that she has been injured by the Quicken Loans refinancing. Tissue has simply alleged *no* causation here. *See Gordon v. Subscriberbase Holdings, Inc.*, No. CV-08-5037-RHW, 2008 WL 4809833, at *3 (E.D. Wash. Oct. 31, 2008) (dismissing CPA claim based on failure to allege injury and causation).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 11

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Having failed to allege: (1) any unfair or deceptive practice by Quicken Loans; or (2) any damages caused by Quicken Loans actions, Tissue's CPA claim should be dismissed pursuant to Rule 12(b)(6).

### D. Tissue's Claim of Unconscionability Should Be Dismissed, to the Extent that it Includes Quicken Loans.

Finally, Tissue also fails to allege that Quicken Loans is a defendant to her unconscionability claim, either in the text or in her prayer for relief, but in the same vague manner, mentions Quicken Loans in an ambiguous fashion in the text of her claim.  *See* Compl. at ¶¶ 6.1-6.8, 11.1.  To the extent that Tissue is construed as asserting an unconscionability claim against Quicken Loans, she fails to provide Quicken Loans with the basic notice pleading required by Rule 8.

Moreover, the claim may also be disposed of as a matter of law for two independent reasons: First, Quicken Loans sold the loan to Countrywide, and no longer has any contractual relationship with Tissue.  Accordingly, Tissue's claim that the terms of her loan are unenforceable are not appropriately asserted against Quicken Loans.  Second, the facts alleged by Tissue do not constitute a prima facie case of legal unconscionability.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS - 12**

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 1. Quicken Loans Does Not Have a Contractual Relationship With Tissue.

Quicken Loans has no relevant contractual relationship with Tissue. Quicken Loans does not hold or service this loan, which was sold to Countrywide. *See* Compl. ¶ 2.25. Accordingly, Tissue cannot properly state a claim *against Quicken Loans* based on an assertion that Countrywide's note is unenforceable because it is "unconscionable." This is exclusively an issue between Tissue and Countrywide. Because Tissue has failed to state a claim upon which relief can be granted against Quicken Loans, her unconscionability claim should be dismissed under Rule 12(b)(6).

### 2. Tissue Has Not Pled Facts Constituting Unconscionability.

Moreover, Tissue has failed to even plead facts constituting unconscionability. Washington law recognizes two types of unconscionability which may prevent enforcement of a contract: substantive unconscionability and procedural unconscionability. *See Adler v. Fred Lind Manor*, 153 Wash. 2d 331, 344, 103 P.3d 781 (2005). "Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh[.]" *Id*. (citation omitted). Such terms are often described as "shocking to the conscience," "monstrously harsh," or "exceedingly calloused." *Id*. at 344-45 (citations omitted). "Procedural unconscionability is the lack of a meaningful

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 13

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

choice, considering all the circumstances surrounding the transaction including the manner in which the contract was entered, whether the party had a reasonable opportunity to understand the terms of the contract, and whether the important terms were hidden in a maze of fine print." *Id*. (citations and internal quotation marks omitted).

"The existence of an unconscionable bargain is a *question of law* for the courts." *Adler*, 103 P.3d at 781 (emphasis added; citation omitted). And, as a matter of law, Tissue has failed to allege either substantive or procedural unconscionability here.

Tissue alleges that she cannot afford the monthly payments under her loan. However, a 6.25% fixed interest rate and a $721 monthly payment are, on their face, commercially reasonable terms.[2] *See* R. Cust. Decl. ¶ 5 Ex. A. These terms are not "shocking to the conscience," and they do not remotely approach the level required for a finding of substantive unconscionability as a matter of law. Moreover, Tissue alleges no facts in her complaint suggesting that she had "no meaningful choice" in deciding to improve her terms by refinancing with Quicken Loans.

---

[2] The loan terms are commercially reasonable even using the higher figures stated in the complaint—6.9% and $900. *See* Compl. ¶ 2.23; *see also* discussion *supra* at 4, fn. 1.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 14

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Tissue has not alleged facts which constitute either substantive or procedural unconscionability. Accordingly, her "unconscionability" claim should be dismissed under Rule 12(b)(6).

### E. Tissue Has Not Alleged Any Other Claims Against Quicken Loans.

Tissue includes claims against CitiFinancial and Countrywide for fraud; negligent misrepresentation; violation of 12 U.S.C. § 2601, et seq. (the Real Estate Settlement Procedures Act); violation of 15 U.S.C. § 1639 (the Home Ownership and Equity Protection Act); and violation of 15 U.S.C. § 1601, et seq. (the Truth in Lending Act). Tissue has failed to even include Quicken Loans by name in the text of these claims. *See* Compl. ¶¶ 4.1-5.2, 8.1-10.11. Accordingly, these claims are not pled against Quicken Loans in any manner, let alone in a fashion that would satisfy Rule 8 and Rule 9 pleading requirements.

### IV.    CONCLUSION

Whether Tissue has an actionable claim against CitiFinancial, or for that matter, Countrywide remains to be determined. However, Tissue has failed to plead any claim against Quicken Loans upon which relief can be granted. Accordingly, Quicken Loans respectfully requests that all claims against it be dismissed.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S
MOTION TO DISMISS - 15

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Respectfully submitted this 15th day of April 2009.

          DORSEY & WHITNEY LLP

          */s/ James E. Howard*
          JAMES E. HOWARD, #37259
          HOWARD.JAMES@DORSEY.COM
          Dorsey & Whitney LLP
          U.S. Bank Centre
          1420 Fifth Avenue, Suite 3400
          Seattle, WA 98101-4010
          Tel: 206.903.8800
          Fax: 206.903.8820

          Attorneys for Defendant,
          Quicken Loans, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS - 16**

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

CERTIFICATE OF SERVICE

I hereby certify that on this date I filed the foregoing with the United States District Clerk, Eastern District of Washington, using the ECF filing system, which sent an email notification of this filing to the below-listed counsel of record:

**Alan L. McNeil**
amcneil@lawschool.gonzaga.edu
bw@lawschool.gonzaga.edu
jclaar@lawschool.gonzaga.edu
nbrockie@lawschool.gonzaga.edu
sbressler@lawschool.gonzaga.edu
vyount@lawschool.gonzaga.edu

**Russell D. Garrett**
russ.garrett@bullivant.com
kelly.hynning@bullivant.com

Dated this 15th day of April 2009.

*/s/ Michelle F. Hall*
Michelle F. Hall

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS - 17

4841-2875-9299\2

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820