Alan L. McNeil, WSBA#:7930
Adrienne Thommes, WSBA#:9107595
University Legal Assistance
721 North Cincinnati Street
P.O. Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNETTE P. TISSUE, a single woman, | NO: CV-09-053-RHW |
| Plaintiff, | |
| v. | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| CITIFINANCIAL, INC. a Texas Corporation doing business in Spokane, Washington, and their AGENTS, QUICKEN LOANS, INC., a Michigan Corporation doing business in Spokane Washington, and their AGENTS, and COUNTRYWIDE HOME LOANS, INC., a Texas Corporation doing business in Spokane, Washington and their AGENTS, | |
| Defendants. | |

# I.   INTRODUCTION

The first paragraph of the Quicken Loans introduction is accurate. Problems

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 1 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

arise in the second paragraph. Defendant, Quicken Loans was the last lender of over seven loans to the plaintiff, Annette Tissue in less than three years.

As a result there was little if any equity left in the plaintiff's home when Defendant, Quicken Loans came on the scene. It is unclear how Quicken became involved, however, Quicken did issue yet another loan to plaintiff that lowered her monthly payment from $550.00 more than she could reasonably afford to $350.00 per month more than she could afford.

This loan was essentially an interest only loan for 10 years with a large balloon payment. As a benefit to itself, defendant Quicken took over $4000.00 in fees and presumably made many more thousands selling the mortgage to Countrywide.

It is problematic at best that Quicken Loans would persuade a trier of fact that they were acting in some altruistic fashion when it picked the bones of the equity left in Ms. Tissue's home.

## II. FACTS

If the facts alleged by the plaintiff are true, the defendant Quicken Loans, Inc. has engaged in a predatory loan that benefitted itself more than it did the borrower, Ms. Tissue.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 2 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

Defendant, Quicken Loans, Inc. moved for a 12(b)(6) to dismiss plaintiff's action based on a failure to state a claim under the Mortgage Broker Practices Act (MBPA), the Consumer Protection Act (CPA), and Unconscionability. Defendant presented the Court with declarations and exhibits in support of its motion and presented the court with its alleged licensee status under the Consumer Loan Act. (CLA)  Because of the foregoing, defendant presenting matters outside the pleadings, response to the 12(b)(6) motion must be treated as a response to a Summary Judgment motion.  FRCP 12(d).

Defendant claims that it is not covered under the MBPA because it is a lender, opposed to a loan originator or mortgage broker.  Although this may very well be the case, at this time the defendant has not met its burden of showing that it is currently licensed under the act.  The only license provided is one from 2000. (Bishop Dec., Ex. "A", Doc. 20)  Additionally, Defendants offer evidence of Quicken Loans, Inc. exempt status relative to the Mortgage Brokers Practices Act. (Bishop Dec., Ex. "B", Doc. 20).  Per RCW 19.146.020(1)(g), a mortgage broker is exempt from all provisions of the chapter.  Again, the only problem at this point is that Defendants have failed to prove that they are currently licensed or were at the time of the transaction with Ms. Tissue.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 3 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

Defendant, Quicken Home Loans, Inc. and agents refinanced Annette Tissue's home once and for her seventh time on 6/13/2007 only three (3) months after her last loan with Defendant, CitiFinancial, Inc. In the loan transaction, Defendant represented to Plaintiff that refinancing the previous loans would improve her financial situation. Quicken Loans refinanced Plaintiff's home only 3 months after her most recent refinance, and although her payments were in fact lower than they had been, they were still unreasonably high. Her payments were lower, but Quicken had her paying only interest monthly payments for 10 years. Quicken Loans did not help Ms. Tissue. A licensed lender should not have given an unsophisticated consumer this loan. The terms of the loan were oppressive and the situation was one where Ms. Tissue had virtually no bargaining power. At the time that she communicated with Quicken, she was essentially paying 90% of her income to cover her home mortgage loan and it is no matter that Quicken Loans, Inc. lowered her monthly payment amount by $200.

### III. ARGUMENT

**A. Defendants failed to show proof of a current license under the Consumer Loan Act.**

For the Defendants to show that they are still exempt under the MBPA, they must have to show proof of a license current at the time of the actions they took

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 4 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

under the statute. Otherwise, we can assume that they are governed under the Act.
Until current proof of license is shown, plaintiff continues to claim 3.1 through 3.9
of Ms. Tissue's amended complaint. *See* Amend. Compl. 3.1-3.9.

## B. Defendants engaged in activities with Plaintiff that were unconscionable.

In contract law, "substantive unconscionability" involves those cases where a
clause or term in the contract is alleged to be one-sided or overly harsh; "shocking
to the conscience," "monstrously harsh," and "exceedingly calloused" are terms
sometimes used to define substantive unconscionability. *Adler v. FredLind Manor*,
153 Wash. 2d. 331, 103 P.3d 773 (2004). This is a 78 year old woman that was
given a loan allowing payments of over $700 a month despite a fixed $1100 a
month income. All of this in light of the fact that she had refinanced only three
months prior, and did not even have the capacity to feed herself because her
payments were so high on her mortgage. The contracts with Quicken Loans, Inc.
and agents further unreasonably allocated the risks of the bargain onto Ms. Tissue
because she was the only party to the transaction with something to lose. Although
Quicken claims to have helped Ms. Tissue, that really is not the case. She was
given a loan where she was paying interest only for 10 years. That is why the
monthly payments were lowered. But that is not a good deal for her. In actuality,

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 5 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

Quicken Loans simply took more money from Ms. Tissue by collecting its fees to refinance her home for the seventh time in less than three years and subsequently made more money by selling the loan. Any reasonable Lender would refuse to give her a loan requiring her to pay approximately 70 percent of her monthly income.

Quicken Loans, Inc. and agents lead Ms. Tissue to believe that the refinance was her only viable option to repair her financial problems, and subsequently gave her a loan she could not afford. "Procedural unconscionability" is the lack of a meaningful choice, considering all circumstances surrounding the transaction, including the manner in which contract was entered, whether the party had reasonable opportunity to understand terms of contract, and whether important terms were hidden in fine print. *Id.* As it was, she was over her head with the payments and believed she would lose her home. By the time Quicken got to her, she had no choice but to do whatever they told her to do. At that time, after her mortgage payment she was left with only about $175 a month of income. Despite Quicken's purported altruistic role in Ms. Tissue's loan, they earned a healthy commission and in the event that Ms. Tissue defaulted on the loan, Quicken owned the deed to her home.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 6 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

**C. Even if Defendant is not liable under the Mortgage Brokers Practices Act, under the Consumer Loan Act a Consumer Protection Act violation may be established.**

Defendant claims that Quicken Loans, Inc. is a licensee under the CLA and that "all loans" it makes "are subject to the authority and restrictions of the act." WAC 208-620-240. If it is subject to the Act, as it claims it is and has been in the past, then its violations "vitally affect the public interest" relative to applying the consumer protection act. Violations under this chapter (CLA) are matters vitally affecting the public interest for purposes of applying the Consumer Protection Act, chapter 19.86 RCW et seq. RCW 31.04.208. A violation of Washington's Consumer Loan Act (CLA), including its written disclosure requirements, is explicitly deemed a violation of the first and second elements of Washington's Consumer Protection Act (CPA). *Pierce v. NovaStar Mortg., Inc.,* W.D.Wash.2006, 238 F.R.D. 624, subsequent determination 2006 WL 3422380, reconsideration denied.

The Consumer Protection Act and hence UDAP doctrine applies to Defendant's actions insofar as its violations fall within the purview of the CLA. The elements of a private violation of Washington's Consumer Protection Act (CPA) are (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) and causes injury to the

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

plaintiff in his or her business or property, and (5) such injury is causally linked to the unfair or deceptive act. RCW 19.86.090. Under *Pierce*, violations of the CLA are a per se violation of the 1st and 2nd prongs of the CPA. *Pierce*, at 624. Additionally, under the CLA statute, violations of the Act establish the 3rd prong of the CPA elemental claim. RCW 31.04.208. The first three elements are established by a violation of the act, and as the Court can see it is these violations that caused Ms. Tissue's injury. But for the actions of Quicken allowing Ms. Tissue to refinance her home despite a payment and fee schedule that were completely untenable and unreasonable in every sense of the word, she would not have suffered the continued injury of financial ruin and the strong possibility of homelessness. There are numerous statutes and common law safeguards that protect the less sophisticated consumer from this very situation and it shocks the conscience that this elderly widow was given loans from which the logical progression was homelessness. At no time, did she have capacity to pay for the loan from Quicken Loans, Inc., nor did she have the capacity to pay for the seemingly myriad CitiFinancial Loans. They created the last loan that would result in foreclosure. Plaintiff comes from a different time, and simply was not equipped to prudently deal with "used car salesman" tactics of the high-priced

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 8 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY  LEGAL  ASSISTANCE
721 North Cincinnati Street - PO  Box 3528
Spokane, WA  99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

loan racket, and that is why there are statutes and other common law safeguards in place to protect consumers.

### D. There are material factual disputes that preclude summary judgment.

In the event the Court must decide material facts to rule on defendant's motion, then it should deny the motion on that ground. At this point, there are several factual determinations that the parties to litigation obviously disagree about. For example, the fees charged have not at this point been fully parsed and determined and there are major disputes about the terms and fee schedule. Defendants contend that the terms were reasonable, even beneficial, to the consumer, whereas, plaintiff argues to the contrary. This is a factual dispute that should preclude summary judgment. *Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now*, 119 Wn. App. 665, 82 P.3d 1199 at 696 (Div. II, 2004). ("A jury is required to resolve the differing versions of the truth . . . the defendants' motion for summary judgment on this issue should be denied."); *Barker v. Advanced Silicon*, 131 Wn. App. 616, 624 (Div. III, 2006) (On motion for summary judgment the trial court does not weigh evidence or assess witness credibility.); *See, also, Morinaga v. See Vue*, 85 Wn. App. 822, 935 P.2d 637 (Div. III, 1997)(Summary judgment is improper in a case that presents a question of

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 9 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

witness credibility with respect to an issue of material fact). Defendant has not

proven the facts that would result in summary judgment.

## II.    CONCLUSION

Standard for deciding a motion on summary judgment. In considering a

party's motion for summary judgment, the Court must construe all evidence

before it in a light most favorable to the non-moving party. *Clements v. Travelers*

*Indem. Co.*, 121 Wn. 2d 243, 249, 850 P.2d 1298 (1993). Summary judgment is

proper only when reasonable persons looking at all the evidence could reach only

one conclusion. *Id.* If there are material facts in dispute, summary judgment is

not appropriate.

Summary judgment is not proper when credibility issues involving more

than collateral matters exist. *Powell v. Viking Ins. Co.*, 44 Wn. App. 495, 503,

722 P.2d 1343 (1986). Here, there are obviously disagreements about what are

reasonable loan terms, as Defendant seems to believe that lower payments can be

equated with a good loan. But these proclamations are based on a counter

intuitive, subjective assessment that is not grounded in the reality of the

marketplace and the safeguards established and enacted to protect the consumer.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 10 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

For the foregoing reasons, defendant's 12(b)(6) motion to dismiss should be denied.

Dated this 28th day of April, 2009.

UNIVERSITY LEGAL ASSISTANCE

s/Alan L. McNeil
ALAN L. McNEIL, WSBA#:7930
University Legal Assistance
721 North Cincinnati Street
P.O. Box 3528
Spokane, Washington 99220
(509)313-5791 Telephone
(509)313-5805 Facsimile
amcneil@lawschool.gonzaga.edu

ADRIENNE S. THOMMES, WSBA#:9107595
Legal Intern for Plaintiffs

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 11 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY  LEGAL  ASSISTANCE
721 North Cincinnati Street - PO  Box 3528
Spokane, WA  99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Russell D. Garrett      russ.garrett@bullivant.com
                                          Kelly.hynning@bullivant.com
James E. Howard      howard.james@dorsey.com
Robert M. Crowley      crowley.robert@dorsey.com


                               s/Alan L. McNeil
                               ALAN L. McNEIL

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
Page 12 of 12
Tissue/Pleadings/Memorandum in Opposition to Defendant's Motion
to Dismiss/042809/at/alm/jc

UNIVERSITY LEGAL ASSISTANCE
721 North Cincinnati Street - PO Box 3528
Spokane, WA 99220-3528
(509)313-5791 Telephone
(509)313-5805 Facsimile
(509) 313-3796 TTY