1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF WASHINGTON
7

8  ANNETTE P. TISSUE, a single
   woman,
9                                              NO.  CV-09-53-RHW
                  Plaintiff,
10
          v.
11                                             **ORDER DENYING MOTION**
   CITIFINANCIAL, INC., a Texas               **FOR PRELIMINARY**
12 Corporation doing business in              **INJUNCTION**
   Spokane, Washington, and their
13 AGENTS, QUICKEN LOANS, INC.,
   a Michigan Corporation doing
14 business in Spokane, Washington, and
   their AGENTS, and
15 COUNTRYWIDE HOME LOANS,
   INC., a Texas Corporation doing
16 business in Spokane, Washington and
   their AGENTS,
17
                  Defendants.
18

19        Before the Court is Plaintiff's Motion for Preliminary Injunction (Ct. Rec.

20 48, 95).  A telephonic hearing was held on the motion on September 24, 2009.

21 Plaintiff was represented by Rule 9 Intern Ross Britton and attorney Alan McNeil.

22 Defendant Countrywide was represented by Andrew Sachs.  Scott Anders also

23 participated.

24        On September 2 and 3, 2009, the Court held hearings on Plaintiff's motion.

25 At the end of the hearing, the Court invited supplemental briefing.  The Court

26 directed counsel for Defendant Countrywide to provide documentation regarding

27 the ownership of the note in question.  The Court directed counsel for Plaintiff to

28 provide additional briefing on the merits of the motion, and particularly to provide

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 1**

1 authority for the Court to enjoin Defendant Countrywide.  Both parties submitted
2 additional briefing.

3                              **BACKGROUND FACTS**

4          Plaintiff is a seventy-eight-year-old widow, who is facing foreclosure on a
5 house that she has lived in for over sixty years.  Through a series of home-equity
6 loans, Plaintiff went from owning her home outright to owing more than $120,000.
7 A significant portion of the money obtained from the loans went to pay for the fees
8 and charges associated with the seven loans that were issued between June 13,
9 2007.

10         Plaintiff filed this lawsuit on February 20, 2009, in an attempt to stop the
11 foreclosure, rescind the loans, and obtain damages.   On February 25, the Court
12 denied Plaintiff's Motion for Temporary Restraining Order, because Plaintiff
13 indicated that Defendant Countrywide notified her that they agreed to suspend
14 foreclosure activity at that time. (Ct. Rec. 6).  On July 10, 2009, Plaintiff filed a
15 Motion for Preliminary Injunction.  In her motion, Plaintiff seeks to enjoin
16 Defendant Countrywide from foreclosure action against her.

17                                  **ANALYSIS**

18 **A.    Standard of Review**

19         Federal Rule of Civil Procedure 65 authorizes a court to enter a preliminary
20 injunction or temporary restraining order.  *See* Fed. R. Civ. P. 65.

21         Recently, the Supreme Court and the Ninth Circuit set forth the proper
22 standard for granting or denying a preliminary injunction.  In *Winter v. Natural*
23 *Res. Def. Council, Inc.*, 129 S.Ct. 365 (2008), the Supreme Court stated:

24         A plaintiff seeking a preliminary injunction must establish that
           he is likely to succeed on the merits, that he is likely to suffer
25         irreparable harm in the absence of preliminary relief, that the balance
           of equities tips in his favor, and that an injunction is in the public
26         interest.
   *Id* at 374; *see also American Trucking Assoc'n, Inc. v City of Los Angeles*, 559
27

28

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 2**

F.3d 1046, 1052 (9th Cir. 2009).[1]

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S.Ct. at 376. The sole purpose of a preliminary injunction is the "preserve the status quo ante litem pending a determination of the actions on the merits." *Sierra Forest Legacy v. Rey*, – F.3d –, 2009 WL 2462216 (9th Cir. 2009). Injunctive relief must be tailored to remedy the specific harm alleged.

**B.    Plaintiff's Arguments**

The underlying theme in Plaintiff's briefing is that this Court should preserve the status quo pending a determination of the actions on the merits. While that is the purpose of a preliminary injunction, it cannot serve as the basis. Rather, Plaintiff must meet the requirements of a preliminary injunction as set forth in *Winter*. In order to succeed on her motion for preliminary injunction, Plaintiff must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. Plaintiff has failed to meet her burden.

In her briefing, Plaintiff argues that the Court should enjoin the foreclosure because it is not clear exactly who is the holder of the note. Plaintiff argues that Defendant CitiFinancial, Inc. and Quicken Loans, Inc. committed fraud, in part by inflating her income. Plaintiff argues that Defendant Countrywide should not be permitted to proceed in any action against Plaintiff because of the fraudulent nature of the mortgage dealings and the acquisition of the mortgage. Plaintiff alleges that the loan is facially unconscionable and clearly doomed for default. However, Plaintiff failed to establish any wrong-doing on the part of Defendant Countrywide nor did she provide any legal authority that would permit this Court to enjoin Defendant Countrywide.

---

[1]This new standard replaces the Ninth Circuit's "possibility of irreparable harm" test.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 3**

1    In her supplemental briefing, Plaintiff again fails to explain how or why this

2    Court would have authority to enjoin Countrywide.  Rather, Plaintiff focuses on

3    the deficiencies with regard to the wording and placement of the notices.  Notably,

4    Plaintiff does not provide the Court with evidence that the notices were deficient.

5    Instead, she states that because Defendant has not shown that the notices confirmed

6    to state law, the Court must enjoin the foreclosure.  This argument misses the

7    point.  It is Plaintiff's burden to establish that injunctive relief is appropriate.

8    The problem with Plaintiff's position is two-fold.  First, Plaintiff focuses on

9    the conduct of the loan originator, but has failed to provide the Court with any

10   authority that would permit it to enjoin Countrywide for the loan originator's

11   conduct.  Second, Plaintiff has not established that Countrywide has done anything

12   wrong.  Plaintiff argues that Countrywide should have know from the face of the

13   loan that it was a predatory loan, and should have never purchased the loan from

14   Quicken.  However, as Defendant points out, there is nothing on the face of the

15   loan to indicate that the loan was predatory.  Moreover, in her amended complaint,

16   the only claims being asserted against Countrywide is violations of the Real Estate

17   Settlement Procedures Act and the Fair Debt Collection Practices Act.  Plaintiff has

18   not argued that violations of these statutes would support the issuance of a

19   preliminary injunction.

20   On September 22, 2009, Plaintiff filed a Declaration by Thomas Tarter.[2]

21   Plaintiff indicates that Mr. Tarter has been retained as a expert witness.  It is Mr.

22   Tarter's opinion that Defendant Countrywide has not provided adequate documents

23   to support that it has authority to foreclose on Plaintiff's loan.  Mr. Tarter's

24   opinion, however, fails to show that Defendant Countrywide engaged in any

25   wrongful conduct.

26   It is a tragedy that Plaintiff is facing foreclosure of her home.  However, in

27

28   [2]The Court Order directed Plaintiff to file her supplemental briefing by
September 14, 2009.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 4**

1    this case, the law and evidence as presented to the Court does not support the

2    granting of the extraordinary remedy of enjoining Defendant Countrywide from

3    enjoining the pending foreclosure.

4         Accordingly, **IT IS HEREBY ORDERED:**

5         1.   Plaintiff's Motion for Preliminary Injunction (Ct. Rec. 48, 95) is

6    **DENIED**.

7         **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

8    Order and forward copies to counsel.

9         **DATED** this 29th day of September, 2009.

10

11              *s/Robert H. Whaley*

12              ROBERT H. WHALEY
                United States District Judge
13

14

15

16

17   Q:\CIVIL\2009\Tissue\denyprelim2.wpd

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION ~ 5**