1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8  ANNETTE P. TISSUE, a single
   woman,
9
                    Plaintiff,            NO.  CV-09-053-RHW
10
            v.
11
    CITIFINANCIAL, INC., a Texas          **ORDER DENYING**
12  Corporation doing business in         **DEFENDANT'S MOTION TO**
    Spokane, Washington, and their        **DISMISS; GRANTING**
13  AGENTS, QUICKEN LOANS, INC.,          **PLAINTIFF'S MOTION TO**
    a Michigan Corporation doing          **AMEND COMPLAINT;**
14  business in Spokane, Washington, and  **GRANTING STIPULATED**
    their AGENTS, and                     **MOTION EXTENDING TIME**
15  COUNTRYWIDE HOME LOANS,               **FOR ANSWER OR MOTION**
    INC., a Texas Corporation doing
16  business in Spokane, Washington and
    their AGENTS,
17
                    Defendants.
18

19      Before the Court is Defendant Quicken Loan Inc.'s Motion to Dismiss (Ct.

20  Rec. 66); Plaintiff's Motion to Amend Complaint (Ct. Rec. 97); and the parties'

21  Stipulated Motion for Extension of Time to File Answer (Ct. Rec. 114).  The

22  motions were heard without oral argument.

23  **1.      Defendant Quicken Loan Inc.'s Motion to Dismiss**

24      Defendant asks the Court to dismiss the claims alleged against Quicken

25  Loans, pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6).

26      **A.      Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 9(b)**

27      Fed. R. Civ. P. 8(a) requires a party's pleading to contain "a short and plain

28  **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING**
    **PLAINTIFF'S MOTION TO AMEND COMPLAINT; GRANTING**
    **STIPULATED MOTION EXTENDING TIME FOR ANSWER OR MOTION**
    **~ 1**

1  statement of the claim showing that the pleader is entitled to relief."   Rule 9(b)
2  requires that, when fraud is alleged, "a party must state with particularity the
3  circumstances constituting fraud . . ." Fed.R.Civ.P. 9(b). Where fraud is not an
4  essential element of a claim, only those allegations of a complaint which aver fraud
5  are subject to Rule 9(b)'s heightened pleading standard.  *Kearns v. Ford Motor Co.*,
6  567 F.3d 1120, 1124 (9th Cir. 2009).  "Fraud can be averred by specifically alleging
7  fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud'
8  is not used."  *Id.* (quoting *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1105 (9th
9  Cir. 2003).  The purpose of Rule 9 is:  (1) to provide defendants with adequate
10  notice to allow them to defend the charge and deter plaintiffs from the filing of
11  complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect
12  those whose reputation would be harmed as a result of being subject to fraud
13  charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the
14  court, the parties and society enormous social and economic costs absent some
15  factual basis." *Id.*  (citations omitted).

16      Here, the Court finds that Plaintiff's complaint meets the elements of both
17  Rule 8 and 9.  There is only one transaction that is at issue in the case between
18  Plaintiff and Defendant Quicken.  Defendant is put on adequate notice to allow it
19  to defend against the charge of fraud, as well as the other claims being asserted
20  against it.

21      **B.     Fed. R. Civ. P. 12(b)(6)**

22      The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a
23  claim showing that plaintiff is entitled to relief, without forcing defendant to be
24  subjected to discovery.  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th
25  Cir. 1993).  A motion to dismiss does not involve evaluating the substantive merits
26  of the claim.  *Id.*  Indeed, "[t]he issue is not whether a plaintiff will ultimately
27  prevail, but whether the claimant is entitled to offer evidence to support the

28  **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING
PLAINTIFF'S MOTION TO AMEND COMPLAINT; GRANTING
STIPULATED MOTION EXTENDING TIME FOR ANSWER OR MOTION**
~ 2

claims." *Diaz v. Int'l Longshore and Warehouse Union*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007)).

In ruling on a Rule 12(b)(6) motion, the court must evaluate whether, in the light most favorable to the pleader, resolving all discrepancies in the favor of the pleader, and drawing all reasonable inferences in favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 562. In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.* Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo*, 521 F.3d at 1104.

Moreover, Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.*

Defendant argues that Plaintiff's negligent representation claim is barred by the economic loss rule.

> "[T]he purpose of the economic loss rule is to bar recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic losses . . . The key inquiry is the nature of the loss and the manner in which it occurs, i.e., are the losses economic losses, with economic losses distinguished from personal injury or injury to toher property. If the loss is an economic loss and no exception applies to the economic loss rule, then the parties will be limited to contractual remedies.

*Alejandre v. Bull,* 159 Wash.2d 674, 683-84 (2007).

Washington courts have recognized a limited exception to the economic loss rule where the misrepresentations are extraneous to the contract itself and do not concern the quality or characteristics of the subject matter of the contract or relate

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT; GRANTING STIPULATED MOTION EXTENDING TIME FOR ANSWER OR MOTION ~ 3**

1  to the offending party's expected performance of the contract. *Id.* at 690, n.6.

2      Here, whether there were misrepresentations that were extraneous to the

3  contract itself is a question of fact. As such, dismissal of this claim at this stage of

4  the proceedings is not appropriate. Moreover, the underlying facts are the same

5  with respect to Plaintiff's claim of unconscionability. The scope of this claim can

6  be dealt with at a later time in the proceedings.

7      Plaintiff agrees to strike her HOEPA claim and her Consumer Loan Act

8  claim being asserted against Defendant Quicken Loans.

9  **2.   Plaintiff's Motion to Amend Complaint**

10     Plaintiff seeks to amend her complaint to add ReconTrust as a named

11  Defendant.

12     Under Fed. R. Civ. P. 15(a), leave to amend shall be freely given. Defendant

13  Countrywide Home Loans, Inc. objects arguing that the amendment will be futile.

14  Here, the record is not clear that amendment will be futile. As such, Plaintiff will

15  be given leave to amend her complaint.

16     Accordingly, **IT IS HEREBY ORDERED:**

17     1.   Defendant's Motion to Dismiss (Ct. Rec. 66) is **DENIED,** except as to

18  Plaintiff's HOEPA claim and her Consumer Loan Act claim. To the extent these

19  claims are being asserted against Defendant Quicken, they are dismissed.

20     2.   Plaintiff's Motion to Amend Complaint (Ct. Rec. 97) is **GRANTED**.

21     3.   The parties' Stipulated Motion Extending Time for Answer or Motion to

22  Plaintiff's First Amended Complaint (Ct. Rec. 114) is **GRANTED**.

23     4.   Within 10 days from the date of this Order, Plaintiff is directed to file

24  her Amended Complaint in the public record.

25     5.   Within 20 days from the date on which Plaintiff files her Amended

26  Complaint in the public record, Defendants shall file their answers.

27     **IT IS SO ORDERED.** The District Court Executive is directed to enter this

28  **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING
PLAINTIFF'S MOTION TO AMEND COMPLAINT; GRANTING
STIPULATED MOTION EXTENDING TIME FOR ANSWER OR MOTION
~ 4**

1    Order and forward copies to counsel.

2         **DATED** this 22nd  day of December, 2009.

3

4                        *s/Robert H. Whaley*

5                    ROBERT H. WHALEY
                 United States District Judge
6

7

8

9

10   Q:\CIVIL\2009\Tissue\denydismiss.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING
     PLAINTIFF'S MOTION TO AMEND COMPLAINT; GRANTING
     STIPULATED MOTION EXTENDING TIME FOR ANSWER OR MOTION
     ~ 5**